**Edward WINTERS, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 67574.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 19, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 7, 1996.

Application to Transfer Denied
March 26, 1996.

Dave Hemingway, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Mary Moulton Bryan, Asst. Atty. Gen., Jefferson City, for respondent.

Before REINHARD, P.J., and
CRANDALL and KAROHL, JJ.

*ORDER*

PER CURIAM.

Movant appeals denial of post conviction relief under Rule 24.035 without an evidentiary hearing. His motion was filed for relief from Alford pleas on charges of attempted robbery and robbery first degree. The trial court imposed five and ten year concurrent sentences on the charges.

At movant's plea hearing the state summarized evidence to prove both charges. The

attempted robbery and robbery occurred at two neighboring fast food restaurants within a few minutes time. The evidence included a statement that employees were prepared to testify that defendant used what appeared to be a gun in demanding money. Believing the gun to be real, the employees complied and gave defendant the money. A claim that the weapon was in fact a toy is irrelevant. All that is required to prove the charges was the reasonable appearance of the use of a dangerous instrument or deadly weapon. At the plea hearing movant heard the description of the evidence and told the court that he had the benefit of counsel in discussing the charges and his rights. He declined an offer of further time to consider matters and denied any threat or promise. After a presentence investigation and before sentencing, movant considered and abandoned any request to withdraw his pleas.

Movant now argues the court erred in denying relief without an evidentiary hearing because his trial counsel was inadequately prepared to render effective advice, a matter he did not learn until after sentencing.

We hold the trial court did not clearly err in denying relief without an evidentiary hearing. On the present facts the extent of trial counsel's investigation would not be probative on the issue of defendant's knowing, voluntary and intelligent Alford pleas. The record supports a finding he acknowledged the state had evidence the crimes were committed with what appeared to be a dangerous or deadly weapon and was prepared to prove all of the elements of the charges. Under these circumstances the failure of trial counsel, even if proven, to review police reports or physical evidence for possible defenses would not be a ground for finding that the Alford pleas were unknowing or involuntary. Nor would proof of the alleged failure support the requisite finding of prejudice. All that could have been discovered by counsel was in fact presented to the court and to counsel in the presence of the defendant before he pled.

The findings and conclusions and judgment of the trial court in denying the motion was not clearly erroneous. The judgment is affirmed in accord with Rule 84.16(b).